(No. 81-CC-2584—

ARLEANIA ALLEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 29, 1981.*

DAVID S. POCHIS, LTD. (ALAN D. KATZ, of counsel), for Claimant.

POCH, J.

This matter coming to be heard upon Respondent's motion for summary judgment, due notice having been given, and the Court being fully advised in the premises, the Court finds as follows:

The instant complaint alleges that Claimant was injured in an automobile accident on Highway U.S. Route 41, at 7050 South in the City of Chicago, on May 19, 1979. It is further alleged that the accident resulted from Claimant's vehicle hitting a large hole in the highway

and that the presence of said hole was due to the negligence of Respondent in its duty to maintain the highway.

Respondent asserts that at the time in question, the portion of the highway where the accident occurred was the maintenance responsibility of the City of Chicago. In support of its assertion, Respondent submitted an affidavit by the Safety and Claims Manager of the Illinois Department of Transportation to this effect, and a copy of the maintenance agreement between the State and the City of Chicago. Respondent argues in its motion that the City of Chicago acted as an independent contractor in operating and maintaining the highway, that any negligence in this regard is attributable solely to the City of Chicago, and that the State cannot be held liable under the theory of respondeat superior for the negligent acts of the City or its employees.

In claims against the State, the doctrine of respondeat superior places liability upon the State itself for the acts of its employees or agents which are controlled or supervised by the State. It is apparent from the maintenance agreement between the State and the City of Chicago that the operation and maintenance personnel were neither State employees nor agents which the State controlled or supervised. On the contrary, the agreement supports Respondent's contention that the City of Chicago was an independent contractor. Under these circumstances, there can be no liability on the part of the State. In this instance, the theory of respondeat superior would serve only to hold the City of Chicago liable for the negligence of its own employees rather than the State.

It is hereby ordered that summary judgment be granted in favor of Respondent and that this claim be, and the same is, hereby denied.

## LAW ENFORCEMENT OFFICERS AND FIREMEN COMPENSATION ACT

Where a claim for compensation filed pursuant to the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat., ch. 48, par. 281 *et seq.*, within one year of the date of death of a person covered by said Act, is made and it is determined by investigation of the Attorney General of Illinois as affirmed by the Court of Claims, or by the Court of Claims following a hearing, that a person covered by the Act was killed in the line of duty, compensation in the amount of $20,000.00 shall be paid to the designated beneficiary of said person or, if none was designated or surviving, then to such relative(s) as set forth in the Act. The following reported opinions include all such claims resolved during fiscal year 1981.